{¶ 77} I respectfully dissent in regard to the majority's reversal of the trial court's judgment granting immunity to Officer Hetrick. I concur in the remaining issues in which the majority affirms the trial court's decision. I would affirm the grant of summary judgment because, even viewing the evidence in a light most favorable to the Knoxes, the Knoxes have failed to produce any evidence of malice, malicious purpose, bad faith, or wanton or reckless conduct.
 {¶ 78} In a claim for malicious prosecution, malice is defined as "an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice." Criss v. Springfield Township (1990),56 Ohio St.3d 82, 85, 564 N.E.2d 440. However, to defeat immunity under R.C. 2744.03(A)(6), malice is defined as "the willful and intentional design to do injury, or the intention or desire to harm another, usually seriously, through conduct that is unlawful or unjustified." Caruso v.State (2000), 136 Ohio App.3d 616, 620, 737 N.E.2d 563. In a recent immunity case, the Ohio Supreme Court reiterated that recklessness "necessarily requires something more than mere negligence." OToole v.Denihan, 118 Ohio St.3d 374, 2008-Ohio-2574, ¶ 74, citing Fabrey v.McDonald Village Police Dept. (1994), 70 Ohio St.3d 351, 356,639 N.E.2d 31.
 "Although the determination of recklessness is typically within the province of the jury, the standard for showing recklessness is high, so summary judgment can be appropriate in those instances where the individual's conduct does not demonstrate a disposition to perversity." Id. at ¶ 75. *Page 29 
 {¶ 79} After reviewing the record in a light most favorable to the Knoxes, I find no evidence of Hetrick acting recklessly or with malice — "no disposition to perversity" and no intention to harm another.
 {¶ 80} Although we may not agree with the wisdom of Hetrick's actions, perhaps even finding him negligent, I would uphold the court's finding him immune under the circumstances presented herein. It is well settled that a police officer is not civilly liable for claims of negligence arising from the performance of his official duties. Ferrante v.Peters, Cuyahoga App. No. 90427, 2008-Ohio-3799, citing Fabrey at 356. *Page 1